# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITE,<br><br>                Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 09-2325-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On January 4, 2010, Steven White ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on July 14, 2010. On September 10, 2010, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 31 year old male who was found to have the medically determinable severe impairments of arthrogryposis of the left upper extremity (a congenital deformation of the arm) with left sided weakness and scoliosis. (AR 15.) Plaintiff has not engaged in substantial gainful activity since May 17, 2006, the application date. (AR 12.)

Plaintiff's claim was denied initially on June 1, 2007, and on reconsideration on November 21, 2007. (AR 12.) He filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") F. Keith Varni, on April 3, 2009, in San Bernardino, California. (AR 12.) Claimant appeared and testified and was represented by counsel. (AR 12.)

The ALJ issued an unfavorable decision on September 18, 2009. (AR 12-19.) Plaintiff filed a Request for Review of the Hearing Decision, and the Appeals Council denied review on November 20, 2009. (AR 4-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following issues as grounds for reversal:

1. Whether there is an inconsistency in the Dictionary of Occupational Titles ("DOT") with the ALJ's holding that the Plaintiff can perform the jobs of information Clerk and Parking Lot Attendant.

2. Whether the ALJ properly considered the treating physician's opinion.

3. Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.

Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ'S DECISION

Claimant previously filed an application for Supplemental Security Income payments on October 16, 2002, which was denied by ALJ Jay Levine on July 30, 2004. (AR 12.) The ALJ in that prior action determined that Plaintiff had the medically determinable severe

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

impairments of congenital deformity and scoliosis. (AR 69.) He was determined to suffer from back, shoulder and arm pain which were controlled by conservative treatment, including back exercises and medications. (AR 67-68.) He was found not entirely credible and assessed an RFC of limited light work. (AR 69.) He had no past relevant work but the ALJ concluded on the basis of vocational expert testimony that Plaintiff could perform other jobs in the national economy, including information clerk and parking lot attendant. (AR 69-70.)

Pursuant to Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988), ALJ Varni in this case reaffirmed ALJ's Levine's prior non-disability decision. (AR 13.) The principles of res judicata apply to administrative proceedings, although less rigidly than to judicial proceedings. Id. The ALJ must apply a presumption of continuing disability to a subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior claim determining that a claimant is disabled. Id.; SSR 97-4(9), 1997 WL 742758, *3 (S.S.A.). A claimant may rebut the presumption by demonstrating "changed circumstances," such as a new or greater impairment or increase in severity of an impairment which impacts his RFC. Id.; Smith-Scruggs v. Astrue, 2010 WL 256546, *2 (C.D. Cal. 2010). There must be new and material evidence not considered in the prior decision. Chavez, 844 F.2d at 693; Burns v. Astrue, 2009 WL 950773, *3 (C.D. Cal. 2009); SSR 97.4(9), 1997 WL 742758, *2-*3.

In this case, the ALJ determined that there was no compelling evidence of record to indicate materially changed circumstances. (AR 13.) Consequently, the ALJ adopted the RFC established by the prior ALJ. (AR 13, 15.) Claimant was found to have the RFC to perform light work with these limitations:

> [L]ift and carry 20 pounds occasionally with his dominant right hand, frequently lift and carry 10 pounds and he is limited to 10 pounds with his non-dominant left hand; he can sit for six hours in an eight hour workday and stand/walk for six hours in an eight hour workday with a sit/stand option; he is limited to occasional balancing, stooping, kneeling,

    crouching, and grasping, and reaching with the left upper extremity, and

    he is precluded from climbing, crawling, pushing, pulling or working at

    unprotected heights.

(AR 15.)

  At the prior hearing, the vocational expert ("VE") testified that Claimant had no past relevant work. (AR 17.) The VE also testified that there were jobs in the national economy that Claimant could perform such as information clerk and parking lot attendant. (AR 18.) The ALJ in this case adopted the VE's testimony from the prior hearing and concluded that Claimant could perform those jobs. (AR 18.) Hence, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act. (AR 18.)

## DISCUSSION

  The ALJ decision must be affirmed because Plaintiff did not carry his burden to demonstrate "changed circumstances" or rebut the presumption of non-disability from the prior ALJ decision.

**I. THE TREATING PHYSICIAN'S CLINICAL ASSESSMENTS DO NOT ESTABLISH CHANGED CIRCUMSTANCES**

  Plaintiff presents as "new and material evidence" the clinical assessments and records of treating physician Dr. Ann Ewalt Hamilton, a general practitioner. (AR 188-209.) This evidence, however, does not establish "changed circumstances" that would rebut the presumption of non-disability for the unadjudicated period of time since the application date.

  Dr. Hamilton's notes and reports contain the same diagnosis of arthrogryposis of Plaintiff's left arm (it is deformed and useless) as in the prior action. (AR 193, 198, 208.) Plaintiff's arm is shortened to two-thirds of normal and there is a fused elbow joint as well. (AR 208.) He has had life-long left neck and arm pain. (AR 208.) No surgical therapy will help him. (AR 208.) He has to use his right arm only for lifting, pushing, pulling, and reaching which causes soreness in his right arm. (AR 208.) Dr. Hamilton opines without medical evidence or explanation that he is unable to work (AR 190) and needs an education (AR 192) but inconsistently she also opines that Plaintiff could stand for 8 hours a day and sit

for 8 hours a day. (AR 191-192.) Plaintiff came to Dr. Hamilton because his neck and back still hurt and he wanted to continue his prescribed medications of Tylenol #3 and Naprosyn. (AR 195.)

The ALJ properly determined that there was "no compelling evidence of record to indicate any materially changed circumstances." (AR 13.) There is no substantial persisting change in Claimant's condition from the prior ALJ decision to the present. (AR 13.) Dr. Hamilton's opinions plainly do not demonstrate any new or greater impairment or increase in severity. She merely repeats the same diagnosis of arthrogryposis of the left arm and its associated neck, back and shoulder pain as in the prior action. She presents no new medical tests. There is no enhanced medical treatment or increase in medication, only a continuation of existing medications. Plaintiff argues that the ALJ improperly discounted Dr. Hamilton's opinion, but the more dispositive point is that Dr. Hamilton's opinions do not establish "changed circumstances" that would rebut the presumption of disability. Indeed, Dr. Hamilton opined that Plaintiff could stand for 8 hours a day and sit for 8 hours a day. (AR 191-192.) The ALJ reaffirmed the prior ALJ's RFC (AR 13) on the basis of Dr. Hamilton's functional assessment, which was supported by state agency consultants who determined that Plaintiff could perform light work. (AR 17.) In other words, the ALJ did not reject Dr. Hamilton's functional assessments, only her opinion on inability to work which is a legal determination not within her province. (AR 17.)

**II.     PLAINTIFF'S SUBJECTIVE SYMPTOMS DO NOT
         ESTABLISH CHANGED CIRCUMSTANCES**

Plaintiff presented to Dr. Hamilton for arm, neck and back pain. (AR 195, 197, 203.) This is not new. He has had "life long left neck and arm pain." (AR 198.) He also testified at the prior hearing to "constant pain in his lower back, neck, shoulders, and left arm." (AR 67.) The prior ALJ determined that "[t]he claimant's back, shoulder, and arm pain are controlled with conservative methods of treatment that include back exercises and pain medication." (AR 68.) The prior ALJ rejected Plaintiff's allegations of disabling pain as not supported by objective medical evidence. (AR 68.) The ALJ in this case affirmed the prior ALJ's adverse

credibility decision. (AR 17.) Thus, Plaintiff's pain as reported to Dr. Hamilton already was addressed in the prior ALJ decision and plainly does not constitute "changed circumstances."

Plaintiff testified at the hearing in this case that his pain was a 10 on a scale of 1 to 10 (AR 39-50), that he can't sit for more than 2 minutes (AR 46) and that he spends all day lying down (AR 49.) The ALJ rejected this testimony because it was exaggerated and not credible. (AR 16.) The ALJ's determination was based on clear and convincing reasons based on substantial evidence in the record. Smolen, 80 F.3d at 1283-84. First, the ALJ noted that the objective medical evidence does not support Plaintiff's allegations of disabling pain. (AR 15-17.) All of the available medical evidence, including that of Dr. Hamilton, indicates that Claimant is able to work. Medical evidence alone is an insufficient basis to reject a claimant's subjective pain testimony, but it is nonetheless a relevant factor to consider. Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Smolen, 80 F.3d at 1285.

Second, despite his assertions of pain and inability to sit for more than two minutes, the ALJ observed that Plaintiff drives a car. (AR 17.)

Third, Plaintiff has a criminal history and spent time in prison. (AR 17.)

These facts and reasons, combined with the presumption of non-disability and the prior adverse credibility determination, are sufficiently specific reasons "to permit the Court to conclude that the ALJ did not arbitrarily discount Claimant's testimony." Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002).

Plaintiff's subjective pain testimony is not sufficient to constitute "changed circumstances" or to rebut the presumption of non-disability.

**III. PLAINTIFF'S CONTENTION THAT THERE IS AN INCONSISTENCY BETWEEN THE DOT AND THE VE'S TESTIMONY IS FORECLOSED**

The prior ALJ determined that Plaintiff could perform the jobs of information clerk and parking lot attendant. (AR 69.) Plaintiff did not appeal that decision. Because the ALJ in this case correctly determined that Plaintiff has failed to prove changed circumstances, res

judicata forecloses Plaintiff from challenging the VE's prior testimony or the ALJ's step five determination that Plaintiff retains the ability to perform light work.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is affirmed and this case dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 24, 2011                           */s/ John E. McDermott*
                                                   JOHN E. MCDERMOTT
                                                   UNITED STATES MAGISTRATE JUDGE